UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VIRICE WEBB,

                Plaintiff,                 **AMENDED COMPLAINT AND JURY DEMAND**

        -against-                     16 CV 2230 (FB)(LB)

THE CITY OF NEW YORK, Police Officer Lenny Lutchman, Shield No. 17480, Police Officer John Seddo, Shield No. 4037,

                Defendants.
-----------------------------------------------------------X

The Plaintiff, VIRICE WEBB, by his attorney, The Rameau Law Firm, alleges the following, upon information and belief for this Amended Complaint:

## INTRODUCTION

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, Article I Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the police officers mentioned above in their individual capacities, and against the City of New York.

2. It is alleged that the individual police officer defendants made an unreasonable seizure of the person of plaintiff, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered plaintiff. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

3. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

4. Plaintiff filed a Notice of Claim on or about July 10, 2015.

5. Plaintiff testified at the 50-H hearing on or about November 18, 2015.

6. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

7. This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

8. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiff requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

## VENUE

9. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## **PARTIES**

10.     Plaintiff VIRICE WEBB ("plaintiff" or "Mr. Webb") is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

11.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

12.     At all times relevant defendant Police Officer Lenny Lutchman, Shield No. 17480 was a police officer employed by the NYPD.

13.     At all times relevant times herein, defendants Lutchman was acting as an agent, servant and employee of defendant City of New York and the NYPD.  Defendants Lutchman is sued in his individual and official capacities.

14.     At all times relevant herein, defendants Lutchman either directly participated or failed to intervene in the violation of plaintiff's rights.

15.     At all times relevant defendant Police Officer John Seddo, Shield No. 4037 was a police officer employed by the NYPD.

16.     At all times relevant times herein, defendants Seddo was acting as an agent, servant and employee of defendant City of New York and the NYPD.  Defendants Seddo is sued in his individual and official capacities.

17. At all times relevant herein, defendants Lutchman either directly participated or failed to intervene in the violation of plaintiff's rights.

18. At all times relevant herein, all individual defendants were acting under color of state law.

19. The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

20. The City was at all material times the public employer of defendant officers named herein.

21. The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior."

**FACTUAL ALLEGATIONS**

22. Plaintiff is an African-American male.

23. On or about April 13, 2015, at approximately 11:30 pm, plaintiff was home at 333 Patchen Avenue when plaintiff's sister, Anais Williams, called plaintiff asking for permission to move into plaintiff's apartment having been evicted from her own home.

24. Plaintiff refused.

25. Several minutes later plaintiff heard a loud banging at his door. Plaintiff's sister along with her boyfriend Sylvester Jenkins and two (2) minor children were on plaintiff's doorsteps.

26. Plaintiff opened the door as his sister entered the apartment intending to stay there along with her boyfriend Jenkins and two (2) minor children.

27. Her boyfriend Jenkins burst into the apartment and verbally abused plaintiff.

28. Plaintiff asked them to leave the apartment.

29. As his sister left the apartment, her boyfriend grabbed and threatened plaintiff.

30. Plaintiff's mother and plaintiff's boyfriend managed to get Mr. Jenkins out of the apartment.

31. As plaintiff, his mother and boyfriend attempted to close the front door, Mr. Jenkins grabbed plaintiff and pulled plaintiff out of the apartment.

32. Plaintiff managed to escape Mr. Jenkins' grip and locked the front door of the apartment.

33. Several minutes later, several police officers arrived to arrest plaintiff based on false allegations that plaintiff assaulted Mr. Jenkins.

34. Officers arrested plaintiff without doing a proper investigation and transported plaintiff to the 83rd precinct where plaintiff spent the night.

35. Plaintiff was then transported to Central Bookings where plaintiff spent an additional twelve (12) hours or so in custody prior to being released on his own recognizance.

36. All charges against plaintiff were false and later dismissed.

37. On or about April 14, 2015, at approximately 10:00 pm, upon release from Central Bookings, plaintiff, his mother, father and boyfriend attempted to enter their home located at 333 Patchen Avenue in Brooklyn when plaintiff realized that he could not enter the apartment.

38. Plaintiff suspected that his sister had gained entry into his home and immediately called the police.

39. Two uniform police officers arrived and plaintiff explained to the officers that plaintiff's sister broke into the apartment.

40. Plaintiff also explained to the officers that his mother and he were the sole tenants and therefore plaintiff's sister lacked permission to be in the apartment.

41. Having reviewed the lease confirming that plaintiff and his mother were the only tenants on the lease, the officers escorted the sister out of the apartment building.

42. Several minutes later plaintiff heard his sister banging on the door furious that plaintiff had called the police.

43. Defendants Police officers Lutchman and Seddo arrived.

44. Plaintiff's sister falsely informed the defendants that she resided at 333 Patchen Avenue.

45. Plaintiff explained to officers Lutchman and Seddo that 333 Patchen Avenue was his home and that he resided at that address with his mother. Plaintiff offered to show his lease agreement but the defendants refused to listen to plaintiff's explanations and asked plaintiff to step out.

46. Plaintiff also told Officers Lutchman and Seddo that other officers, only moments prior, escorted his sister out of the building.

47. Lutchman and Seddo attacked plaintiff punching plaintiff into his ribs, face, head, kneeing plaintiff, and slamming plaintiff's face on the wall which caused plaintiff's tooth to break.

48. Plaintiff cried out in pain, asking for help. As plaintiff's mouth became bloody, plaintiff asked for medical assistance.

49. Plaintiff's boyfriend, who witnessed the assault screamed and asked Lutchman and Seddo to stop. The defendants disregarded his pleas and continued punching plaintiff.

50. Plaintiff was handcuffed and taken to the 81st Precinct. On the way to the precinct, Plaintiff asked for medical attention but was again denied medical attention.

51. Plaintiff was placed in a cell where he again asked for medical assistance. Eventually, Plaintiff was taken to Woodhull Hospital and later returned to the precinct.

52. At the precinct, the defendants falsely informed members of the Kings County District's Attorney's Office that they had observed plaintiff committing various crimes.

53. The allegations were false.

54. At no point did the defendants observe plaintiff committing any crimes or offenses.

55. Ultimately, plaintiff was taken from the police precinct to Brooklyn Central Booking.

56. The assigned prosecutor thereafter incorporated the defendants' accusations against plaintiff into a misdemeanor complaint.

57. All charges against plaintiff were false and ultimately dismissed.

58. Defendants employed unnecessary and unreasonable force against the plaintiff. Defendant officers acted maliciously and intentionally, and said acts are examples of gross misconduct. The officers intentionally used excessive force. They acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

59. The conduct of the defendant officers in assaulting the plaintiff directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment. All of the events complained of above have left permanent emotional scars that the plaintiff will carry with him for the remainder of his life.

60. At no time did plaintiff assault or attempt to assault any officer, nor did he present a threat or perceived threat to the personal safety of any officer or civilian so as to warrant the repeated application of blows. Plaintiff did not provoke this beating nor did he conduct himself in any manner that would warrant any use of force, much less the excessive force actually used.

Defendant officers acted sadistically and maliciously and demonstrated deliberate indifference toward plaintiff's rights and physical well-being.

61. All of the above was done in violation of state and federal law.

62. As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, plaintiff's injury has become permanent in nature.

63. The conduct of the defendant officers in assaulting the plaintiff and denying him medical attention directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

64. As a direct and proximate result of the said acts of the defendant officers, the plaintiff suffered the following injuries and damages:

   i. Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

   ii. Loss of his physical liberty;

65. The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiff:

   i. Freedom from the unreasonable seizure of his person;

   ii. Freedom from the use of excessive, unreasonable and unjustified force against his person.

## FIRST CLAIM
## False Arrest

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

68. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## State Law False Imprisonment and False Arrest

69. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

71. Plaintiff was conscious of his confinement.

72. Plaintiff did not consent to his confinement.

73. Plaintiff's confinement was not otherwise privileged.

74. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

75. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## THIRD CLAIM
### Malicious Prosecution

76. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

77. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

78. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

79. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### State Law Malicious Prosecution

80. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

81. By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

82. Defendants maliciously commenced criminal proceeding against plaintiff, charging him with resisting arrest, menacing and disorderly conduct. Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

83. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

84. All charges were terminated in plaintiff's favor.

85. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

86. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Unreasonable Force

87. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

88. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

89. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### State Law Assault and Battery

90. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

91. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

92. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

93. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM
## Denial Of Constitutional Right To Fair Trial

94. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

95. The individual defendants created false evidence against Plaintiff.

96. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

97. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

98. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
## Malicious Abuse Of Process

99. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

100. The individual defendants issued legal process to place Plaintiff under arrest.

101. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

102. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

103. They had plaintiff's sister lie to state that plaintiff damaged expensive items of property that plaintiff's sister never owned or possessed and simply didn't exist.

104. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**NINTH CLAIM**
**Negligent Hiring/Training/Retention/Supervision Of Employment Services**

105. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

106. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

107. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

108. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

109. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

110. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
## Intentional Infliction of Emotional Distress

111. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

112. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon Plaintiff.

113. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

114. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon Plaintiff.

15

Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

115. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Negligent Infliction of Emotional Distress

116. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

117. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon Plaintiff.

118. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

119. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

120. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CLAIM
### Failure To Intervene

121. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

122. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

123. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

124. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRTEENTH CLAIM
### *Monell*

125. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

126. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

127. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

128. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

129. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

130. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

131. These policies, practices, and customs were the moving force behind plaintiff's injuries.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED: September 7, 2016

Brooklyn, New York

_____
Afgaan Saleem, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
saleemlawny@gmail.com
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO: All Defendants
Corporation Counsel of the City of New York